IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:19-CR-57-TAV-DCP |
| | ) | |
| BENJAMIN ASHAWN MOSELEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Benjamin Moseley's Motion to Continue Trial [Doc. 267], filed on July 31, 2020, and referred [Doc. 270] to the undersigned on August 7, 2020. *See* 28 U.S.C. § 636(b). The undersigned appointed [Doc. 219] new counsel for Defendant Moseley on March 23, 2020. Defendant Moseley now asks the Court to continue the August 11, 2020 trial date, stating defense counsel needs additional time to review the voluminous discovery, to confer with the Defendant, and to prepare for trial. The motion states that counsel has explained the right to a speedy trial to the Defendant, who understands that all the time between the filing of his motion and the new trial date is fully excludable. The motion also relates that the Government does not object to the requested continuance. The parties have conferred with Chambers and agreed on new trial date of December 1, 2020.

The Court finds the Defendant's motion to continue the trial is unopposed by the Government and well-taken.[1] The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. §

---

[1] The Court notes that Defendant Moseley is the sole defendant proceeding to trial in this case.

3161(h)(7)(A). The Court substituted Attorney Jonathan S. Wood as counsel for Defendant Moseley on March 23, 2020. Counsel states that the discovery in this case is voluminous and that he needs additional time to complete his review the discovery, to confer with his client, and to prepare the case for trial. The Court finds that restrictions and changed circumstances relating to the COVID-19 pandemic have slowed communications and trial preparations in this case. The Court also finds that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, despite counsel's exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's unopposed motion [**Doc. 267**] to continue the trial date is **GRANTED**, and the trial is reset to **December 1, 2020**. The Court finds that all the time between the filing of the motion for a continuance on **July 31, 2020**, and the new trial date of **December 1, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The parties agreed to a new schedule in this case, which is set out in detail below.

Accordingly, it is **ORDERED** as follows:

>(1) The Defendant's Motion to Continue Trial [**Doc. 267**] is **GRANTED**;
>
>(2) The trial of this matter is reset to commence on **December 1, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;
>
>(3) All time between the filing of the motion on **July 31, 2020**, and the new trial date of **December 1, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;
>
>(4) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **November 2, 2020**;
>
>(5) Motions *in limine* must be filed no later than **November 16, 2020**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **November 17, 2020, at 11:00 a.m.**; and

(7) Requests for special jury instructions, supported by citations to authority pursuant to Local Rule 7.4., shall be submitted to the District Judge by **November 20, 2020.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge